IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **TEXAS IP RESEARCH, LLC,**<br>    *Relator*,<br>        v.<br><br>**CURTIS INSTRUMENTS, INC.,**<br>    *Defendant,* | Civil Action No. 5:11-CV-020<br><br>JURY TRIAL DEMANDED |

### ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Texas IP Research, LLC ("Relator") makes the following allegations against Curtis Instruments, Inc. ("Curtis" or "Defendant").

### NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

2. Relator is a Texas limited liability company having a principal place of business at 14 Ashlee Blvd., Nash, TX 75569.  Relator has appointed Thomas R. Carroll, Jr., 14 Ashlee Blvd., Nash, TX 75569, as its agent for service of process.

3. On information belief, defendant, Curtis is a New York corporation with its principal place of business at 200 Kisco Avenue, Mt. Kisco, New York 10549.  Curtis Instruments, Inc. has not registered an agent with the New York Department of State.

### JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial

business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

6. Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and/or continues (and/or has and continues to cause others) to transact business in this District, and has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to this Complaint, which Defendant has and/or continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

7. Defendant has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,626,750 ("the '750 Patent"), a true and correct copy of which is attached as Exhibit A, in connection with Defendant's products and/or related product packaging and advertisements, including, by way of example only, the Curtis Motor Controller Models 1204M/1205M, Curtis Motor Controller Model 1211, Curtis Motor Controller Model 1266, and Curtis Motor Controller Model 1268, as illustrated in Exhibits B-E, respectively.

8. The '750 Patent (Exhibit A), which is titled "Solid State D.C. Motor Control," was filed in the United States on September 10, 1985, issued on December 2, 1986, and was assigned to Curtis.

9. The '750 Patent expired, at the very latest, on September 10, 2005.

10. When the '750 Patent expired, all future rights in that patent ceased to exist.

11. Subsequent to expiration of the '750 Patent, Defendant has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '750 Patent in combination with its Curtis Motor Controller Models 1204M/1205M products. *See, e.g.*, Exhibit B (containing, in part, product literature, which was available on Curtis' website at or near the time of filing of this Original Complaint,[1] indicating document is revision B, bearing a copyright date of 2009, a printed on revision date of March 2010, an electronic creation date of November 2, 2009, an electronic modification date of March 3, 2010, and marking, affixing, and/or advertising the Curtis Motor Controller Models 1204M/1205M products in combination with the '750 Patent).

12. Subsequent to expiration of the '750 Patent, Defendant has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '750 Patent in combination with its Curtis Motor Controller Model 1211 products. *See, e.g.*, Exhibit C (containing, in part, product literature, which was available on Curtis' website at or near the time of filing of this Original Complaint,[2] indicating document is revision C, bearing a copyright date of 2006, a printed on revision date of March 2006, an electronic creation date of June 21, 2005, an electronic modification date of March 17, 2006, and marking, affixing, and/or advertising the Curtis Motor Controller Model 1211 products in combination with the '750 Patent).

---

[1] Curtis' website, http://curtisinst.co.jp/1204M1205Mmanual.pdf (last visited Jan. 31, 2011).

[2] Curtis' website, accessed by entering the following search string into www.google.com: "*1211 M O D E L MOTOR CONTROLLER*" (last accessed Jan. 31, 2011).

13. Subsequent to expiration of the '750 Patent, Defendant has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '750 Patent in combination with its Curtis Motor Controller Model 1266 products. *See e.g.,* Exhibit D (containing, in part, product literature, which was available on Curtis' website at or near the time of filing of this Original Complaint,[3] bearing a copyright date of 2006, a printed on revision date of October 2006, an electronic creation date of November 8, 2005, an electronic modification date of October 19, 2006, and marking, affixing, and/or advertising the Curtis Motor Controller Model 1266 products in combination with the '750 Patent);

14. Subsequent to expiration of the '750 Patent, Defendant has and/or continues (and/or has and/or continues to cause others) to mark upon, affix to, and/or use in advertising the '750 Patent in combination with its Curtis Motor Controller Model 1268 products. *See e.g.,* Exhibit E (containing, in part, product literature, which was available on Curtis' website at or near the time of filing of this Original Complaint,[4] bearing a copyright date of 2006, a printed on revision date of July 2006, an electronic creation date of January 13, 2010, and marking, affixing, and/or advertising the Curtis Motor Controller Model 1268 products in combination with the '750 Patent).

15. Defendant is a large, sophisticated company. *See, e.g.*, Exhibit F (containing a Curtis webpage, indicating that Curtis has a worldwide distribution network, spanning numerous continents).

---

[3] Curtis' website, accessed by entering the following search string into www.google.com: "*Model 1266 Motor Controller 2006*" (last accessed Jan. 31, 2011).

[4] Curtis' website, accessed by entering the following search string into www.google.com: "*Model 1268 Motor Controller July 2006*" (last accessed Jan. 31, 2011).

16. Defendant has, and routinely retains, sophisticated legal counsel.  *See, e.g.*, Exhibit G ("It is [Curtis'] policy to respond expeditiously upon receiving notice of claimed intellectual property infringement. Curtis . . .  will promptly process and investigate notices of alleged infringement and will take appropriate actions under the Digital Millennium Copyright Act and other applicable intellectual property laws.").

17. Defendant has decades of experience applying for, obtaining, licensing, and/or litigating patents.  *See*, *e.g.*, Exhibit H (containing a search of the U.S. Patent and Trademark Office Assignment database for "Curtis Instruments," indicating that Curtis has at least 23 patents under its assign); s*ee also*, Exhibit I (containing an article from the Journal News, a copy of which is on Curtis' website,[5] indicating that Curtis had 50 patents in 2003).

18. Defendant knows, and at the very least reasonably should know, that the above expired patent does not cover any of the accused products, or any products whatsoever.  *See, e.g.*, Exhibit H (demonstrating Curtis' knowledge of, and familiarity with, patents); *see also* Exhibit I (demonstrating Curtis' wide-reaching patent portfolio and substantial employee resources internally dedicated to product research and development).

19. As a result of its false marking, Defendant has injured the United States Government, including its sovereign interest, and Defendant's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense associated with enforcement.  *See, e.g.*, Exhibit I (indicating  need for continuous product development in view of global competition).

---

[5]Curtis' website, accessed by entering the following search string into www.google.com: "*Curtis pushes products*" (last accessed Jan. 31, 2011).

## CLAIM

20. Relator incorporates paragraphs 1–19 as if fully set forth herein. Defendant has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising its products, including, without limitation, the Curtis Motor Controller Models 1204M/1205M, Curtis Motor Controller Model 1211, Curtis Motor Controller Model 1266, and Curtis Motor Controller Model 1268, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a). A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b). A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c). An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d). An award of pre-judgment and post-judgment interests on any monetary award;

(e). An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f). Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: February 1, 2011

Respectfully submitted,

By: /s/ Hao Ni

Hao Ni – LEAD COUNSEL
State Bar No. 24047205
Ni Law Firm PLLC
3102 Maple Avenue, Suite 400
Dallas, TX 75201
(214) 800-2631
hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator
TEXAS IP RESEARCH, LLC**